

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. X. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-2628
Re: Where a City has designated the
County Tax Assessor-Collector to
assess and collect its taxes as
provided by Article 1048b, V.A.C.S.,
may the collector accept payment
of state and county taxes without,
at the same time, receiving pay-
ment of the city taxes on the same
property.

We have your letter of August 27, 1940, which
reads as follows:

"The City of Sour Lake in this County voted
to incorporate the City last November, and by
proper resolutions and orders the City has desig-
nated the County Assessor-Collector as their As-
sessor-Collector.

"The County Assessor-Collector is now prepar-
ing his 1940 Tax Roll and is including the City
of Sour Lake taxes on the same roll, using the
county values. State and County statements will
be made out in the regular way and will include
the City of Sour Lake taxes.

"Will you please give me a ruling on the above
procedure, and if the same is correct, please ad-
vise if a taxpayer tenders his State and County
taxes to the tax collector and refuses the City of
Sour Lake taxes, can the collector accept the State
and County taxes and issue a proper receipt for
the same without collecting the City of Sour Lake
taxes. * * * "

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. E. P. Jennin s, page 2

GERALD C.
ATTORNEY G

By Opinion No. O-2125, addressed to you, we advised that it was proper for the County Assessor-Collector to assess and collect the city taxes for the city of Sour Lake and that the valuations for the city taxes should be the same as those for state and county purposes. We know of no reason why these city taxes may not be prepared upon the same roll and the statements made out upon the same paper for both city and county taxes.

Your second question, as to whether the collector may accept the state and county taxes and issue a receipt therefor without, at the same time, collecting the city taxes, presents a more difficult question. In Opinion No. O-1262, we held that a Tax Assessor-Collector may not accept payments for county taxes unless the state taxes are paid at the same time on the same piece of property. Authority for this opinion was based upon the case of SEWARD v. THOMPSON, 251 S.W. 277, wherein the Court of Civil Appeals held that a County Tax Assessor-Collector may refuse to accept payment of property taxes unless the owner, who is a resident of that county, at the same time, tenders payment of his poll tax. The court in that case sustained the validity of a ruling of the State Comptroller to that effect. Clearly the Comptroller has jurisdiction to make rules relative to the state ad valorem taxes and poll taxes, since the collection of both are put under his control and supervision by the statutes. The State Comptroller has no jurisdiction whatever over city affairs or the collection of city taxes. Any regulation which he might issue pertaining to the payment of city taxes, could have no effect. Vernon's Annotated Civil Statutes, Article 1042b, which authorizes the appointment by the proper city authorities of the County Tax Assessor-Collector as the assessor and collector of taxes for the city, makes no mention of whether the city tax should be collected at the same time as the state and county taxes. Article 7336e, relating to the collection of taxes for common and independent school districts, expressly authorizes the payment of the school district taxes separate and apart from the payment of the state and county taxes. We have no such express authorization in the instance now under consideration. However, there is no statute or applicable administrative ruling which requires that the city and the state taxes must be paid at the same time. Chief Justice Cureton, speaking for the Texas Supreme Court in RICHEY v. MOOR, 249 S.W. 172 at page 174, said:

Hon. E. P. Jennings, page 3

"While the general rule is that taxes must be paid in full at one time, and, unless otherwise provided by statute, a taxpayer cannot tender a portion of the tax and demand a receipt therefor, yet this rule is subject to some qualification. The citizen always has the right to pay the amount of any one tax listed against him, or as held in some jurisdictions, to pay the tax on any one item or piece of property which has been separately assessed, without offering to pay the taxes on other parts." (Emphasis ours).

We believe that the city tax is a separate and distinct tax from that levied by the state and county on the same piece of property, and, therefore, would come within the exception mentioned by Judge Cureton above. The fact that these two taxes are being assessed and collected by the same official cannot change the rule.

It is our opinion, therefore, that if a taxpayer tenders his state and county taxes and refuses to pay his city of Sour Lake taxes, the collector must accept the state and county taxes and issue a proper receipt therefor, even though he does not, at the same time, collect the taxes on the same property levied by the city of Sour Lake. Conversely, a taxpayer should be permitted to pay his City of Sour Lake taxes, without, at the same time, paying his state and county taxes on the same property. We are aware that this procedure may place an additional burden upon the Tax Assessor-Collector, but this appears to be unavoidable under the statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Walter R. Koch
Assistant

APPROVEDSEP 9, 1940

ATTORNEY GENERAL OF TEXAS

WRK:ob


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN